UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORETTA P., et al.,

                                                Plaintiffs,                    04-CV-00001A(Sr)

v.

THE BOARD OF EDUCATION
OF THE CHEEKTOWAGA CENTRAL
SCHOOL DISTRICT,

                                                Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Dkt. #4.

This Court issued a Report, Recommendation and Order[1] denying defendant's motion for summary judgment dismissing plaintiffs' complaint seeking an award of reasonable attorneys' fees, costs and expenses, plus interest, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), on the ground that plaintiffs are not prevailing parties as that term is defined under the IDEA. Dkt. #26. Currently before the Court is plaintiffs' motion for summary judgment seeking: (1) a declaration that they are the prevailing parties at the underlying due process

---

[1] Defendant's objections to that Report, Recommendation and Order were held in abeyance pending resolution of plaintiffs' motion for summary judgment.

hearing; (2) a money judgment awarding plaintiffs' counsel "the current value of his fees and costs" for representation at the administrative hearing, as well as undisclosed attorneys' fees for this federal court action; and (3) interest on any money judgment as set forth in 28 U.S.C. § 1961(a).  Dkt. #33.  For the following reasons, it is recommended that plaintiffs' motion for summary judgment be granted in part.

**Prevailing Party**

In reaching it's prior recommendation, this Court determined that plaintiffs had succeeded on a significant issue set forth in their request for an impartial due process hearing.  Dkt. #26.  Specifically, the Court determined that plaintiffs succeeded in obtaining a determination that the individualized education plan ("IEP") dated April 26, 2001 failed to comply with attendance and notice requirements of the IDEA; was based upon an inadequate evaluation of the infant plaintiff; failed to include transition planning and services; and failed to include appropriately measurable goals.  Dkt. #26.  In light of that determination, it is recommended that plaintiffs' motion for summary judgment be granted insofar as plaintiffs seek a declaration that they are prevailing parties.

**Attorneys' Fees**

The court, in its discretion, may award reasonable attorneys' fees to the parent of a child with a disability who is a prevailing party in any action or proceeding brought to enforce the child's right to a free and appropriate public education.  20 U.S.C. § 1415(i)(3)(B).   However,

>Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
>>(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
>>(II) the offer is not accepted within 10 days; and
>
>>(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i).  Notwithstanding the previous paragraph, "an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

In the instant case, defendant's offer of settlement agreed to continue providing home instruction to the infant plaintiff pending completion of an updated neuropsychological evaluation and preparation of an updated IEP.  Dkt. #19, Exh. K. Because of the need for updated evaluations, however, defendant stated that it could not commit to providing counseling, vocational school and placement in a 12:1+1 self contained classroom, as plaintiffs had requested.  Dkt. #19, Exh. K.  The defendant therefore proposed "holding all decisions about counseling, curriculum/vocational training and class structure in abeyance until the CSE can reconvene to address and take into consideration the results of the updated neuropsychological evaluation."  Dkt. #19, Exh. K.

Although agreeing with the district that there was no support for the plaintiffs' request for a 12:1+1 self contained classroom, the IHO determined that the infant plaintiff's placement was improperly changed from a 12:3+1 level of supervision to regular classes without reconvening the CSE.  Dkt. #19, Exh. O, p.9.  In addition, the IHO determined that the prior IEP failed to include counseling and transition planning and services, including a vocational education or occupational program and directed that transition planning and counseling be incorporated into the IEP.  Dkt. #19, Exh. O, p.9.  Thus, the relief obtained from the IHO was more favorable to the plaintiffs than the defendant's offer of settlement.  Accordingly, this Court concludes that plaintiffs are entitled to an award of attorneys' fees.  *See, e.g., Mrs. M. v. Tri-Valley Cent. Sch. Dist.*, 363 F. Supp.2d 566 (S.D.N.Y. 2002) (plaintiff not barred from recovering attorneys' fees where final relief slightly superior to the offered settlement).

A district court must calculate fees using the "lodestar" approach, whereby an award for attorneys' fees is derived by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  *I.B. v. New York City Dep't of Educ.*, 336 F.3d 79, 80 (2d Cir. 2003).   This fee provision is interpreted "in consonance with those of other fee-shifting statutes." *Id.*, citing *J.C. v. Regional Sch. Dist. 10 Bd. of Educ.*, 278 F.3d 119, 124 (2d Cir. 2002).

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained.  *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  "That the plaintiff is a 'prevailing party'

. . . may say little about whether the expenditure of counsel's time was reasonable in light of the substantial relief obtained." *Id.* Thus, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435; *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005); *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004). When a plaintiff has achieved only partial or limited success, the district court may, in its discretion, attempt to identify specific hours that should be eliminated, or it may simply reduce the requested award to account for the limited success. *Hensley,* 461 U.S. at 436-37; *Abrahmson v. Board of Educ.of the Wappingers Falls Cent. Sch. Dist*., 374 F.3d 66, 79 (2d Cir. 2004); *Green*, 361 F.3d at 99.

The party seeking the fee "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Thus, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald v. Pension Plan of the NYSA-ILA*, 450 F.3d 91, 97 (2d Cir. 2006). To compensate counsel for the delay in payment, the district court retains discretion to award attorneys' fees at the attorney's current hourly rate rather than the hourly rate counsel charged at the time the work was performed. *See Savoie v. Merchants Bank*, 166 F.3d 456, 464 (2d Cir. 1999). However, it would be unfair . . . to use current rates where the services at issue were performed in protracted litigation and current inflated rates did not reflect with some degree of accuracy the loss attributable to delay." *Huntington Branch, NAACP v. Town of Huntington,* 961 F.2d 1048, 1049 (2d Cir. 1992).

In the instant case, plaintiffs' amended complaint seeks an award of $15,930.00 in attorneys' fees and $235.25 in costs, for a total of $16,165.25. Dkt. #14, ¶¶ 23-25.  This amount represents 70.8 hours expended by counsel at the administrative hearing at a current hourly rate of $225.00. Dkt. #14, ¶ 24.  At the time the work was performed, however, counsel was charging $150.00 per hour, which would equate to a total charge of $10,620.00. Dkt. #14, Exh. C.  The Court notes that this information is not supported by an affirmation as to the validity of the hourly rate or time expended and that the amended complaint is signed by a different attorney than the attorney representing plaintiffs at the administrative hearing.  Moreover, although plaintiffs also seek attorney's fees and costs in bringing this federal court action, current counsel has submitted no documentation as to the amount sought.  Dkt. #33, ¶ 2.  Instead, plaintiffs' Statement of Facts simply states, without reference to inclusion of the underlying letter in the record before this Court, that:

> By letter dated March 30, 2004, Plaintiffs made a written Settlement Offer in the amount of $26,430.25, which would have resolved fees and costs incurred in the underlying action, as well as the attorney fees and costs incurred in the current Federal Court action.

Dkt. #33, ¶ 3.

Although plaintiffs are prevailing parties, the degree of success attributable to this lawsuit is minimal.  While the IHO determined that the prior IEP was flawed and had been improperly altered, he also deferred determination as to the specifics of the updated IEP to the Committee on Special Education ("CSE"), following receipt of pending evaluations. Dkt. #19, Exh. O.  However, prior to the administrative hearing, defendant had already conceded that a new IEP was required and agreed to

pay for an updated neuropsychological evaluation so that they could assess appropriate services for the infant plaintiff.  Ultimately, that evaluation did not support the plaintiffs' position, but recommended "[g]eneral education classroom with resource room support and school counseling services," in a "[r]egular high school with a vocational component, i.e. [sic] technical program, e.g. [sic] electronics, mechanics, etc. [sic] offered through BOCES."  Dkt. #26, Exh. A.   As a result, it is this Court's opinion that the significance of the of the overall relief obtained by the plaintiffs pales in relation to the hours expended on the litigation.  Accordingly, it is recommended that plaintiffs be awarded an attorneys' fee for representation at the administrative hearing based upon counsel's $150 billing rate at the time the charges were incurred, and that the defendant be required to reimburse only half of the time expended by plaintiffs' counsel, *to wit*, 35.4 hours at $150 per hour, for a total of $5,310.00 plus $235.25 in costs.

In an effort to avoid yet a third round of motions, the Court will overlook plaintiffs' counsel's failure to provide any documentation regarding the time incurred with respect to proceeding before this Court and recommend, based upon its familiarity with the quality of counsel's representation and its knowledge of reasonable rates for such representation, an additional award of $2,400.00.  Specifically, the Court is of the opinion that $200 per hour is an appropriate hourly rate within this community for an attorney of plaintiffs' counsel's experience and that prosecution of this matter should not have required more than 2 hours to draft the complaint seeking attorneys fees; 1 hour for conferences before the undersigned; and 9 hours for presentation of a summary judgment motion placing all of the relevant issues and information before the court in one coherent motion.

## **CONCLUSION**

Based on the foregoing, it is recommended that the plaintiffs' motion for summary judgment (Dkt. #33), be granted in part and that judgment be entered in favor of plaintiffs in the amount of $7,945.25.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
        November 27, 2006

                                    **S/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**